UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 76.167.82.181,<br><br>                              Defendant. | Case No.: 15cv2931-JLS-RBB<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [ECF NO. 5]** |

On February 11, 2016, Plaintiff Malibu Media, LLC filed an Ex Parte Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 5]. Plaintiff seeks to subpoena Defendant John Doe's Internet Service Provider, Time Warner Cable, to learn Defendant's true identity. (Pl.'s Ex Parte Mot. Attach #1 Mem. P. & A. 8, ECF No. 5.)  Because no Defendant has been named or served, no opposition has been filed.  For the following reasons, the Ex Parte Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 5] is DENIED.

**I.    BACKGROUND**

Plaintiff Malibu Media, LLC is the registered owner of certain copyrighted works. (Compl. 1, ECF No. 1.)  On December 28, 2015, it filed a Complaint alleging that Defendant John Doe, an internet subscriber assigned IP address 76.167.82.181, is a

"persistent online infringer of Plaintiff's copyrights." (Id.) Plaintiff contends that Defendant used BitTorrent file distribution network to download, copy, and distribute twenty-five of Plaintiff's copyrighted works without authorization. (Id. at 3-5 & Ex. B.) Plaintiff alleges that its investigator identified Defendant's IP address as a participant in infringing activity. (Compl. 4-5, ECF No. 1.)

On February 11, 2016, Malibu Media filed an Ex Parte Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference seeking leave of Court to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Defendant's Internet Service Provider ("ISP"), Time Warner Cable. (Pl.'s Ex Parte Mot. Leave Attach. #1 Mem. P. & A. 8, ECF No. 5.) Plaintiff argues that it needs limited discovery from the ISP because Defendant's IP address was assigned to the Defendant by the ISP, and the ISP can use the IP address to identify Defendant's true name and address. (Id.)

## II.   LEGAL STANDARD

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Courts grant these requests when the moving party shows good cause for the early discovery. Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gellespie, 629 F.2d at 642. "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." Columbia Ins. Co., 185 F.R.D. at 578.

District courts apply a three-factor test when considering motions for early discovery to identify certain defendants. Id. at 578-80. First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the movant must describe "all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. Id. at 579. Third, plaintiff should establish that its suit against the defendant could withstand a motion to dismiss. Id. "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing," plaintiff must show that some act giving rise to liability actually occurred and that the discovery is aimed at identifying the person who allegedly committed the act. Id. at 579-80.

### III. ANALYSIS

Plaintiff has the burden to identify the Doe Defendant with enough specificity to enable the Court to determine that the defendant is a real person or entity who would be subject to the jurisdiction of this Court. Columbia Ins., 185 F.R.D. at 578. This court has "determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, No. 12CV00186 MMA(RBB), 2012 WL 1648838, at *4 (S.D. Cal. May 4, 2012) (quoting OpenMind Solutions, Inc. v. Does 1–39, No. C–11–3311 MEJ, HRL, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't, LLC v. Does 1–46, No. C–11–02263 HRL, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011)).

Additionally, in copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found." 28 U.S.C.A. § 1400(a) (West 2006).

The Ninth circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010).

In its Ex Parte Motion, Malibu Media alleges the following:

> Plaintiff's Investigator has identified Defendant with specificity by identifying Defendant's IP Address and the date and time Defendant engaged in the distribution of Plaintiff's works.  Further, "Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District."  Specifically, Plaintiff used Maximind® Premium's IP geolocation database to determine that Defendant properly resided in a location both within the state of California and this District.

(Pl.'s Ex Parte Mot. Leave Attach. #1 Mem. P. & A. 20, ECF No. 5.) (quoting Compl. 2, ECF No. 1.)  Plaintiff therefore claims that it "has specifically identified Defendant as a person who can be sued in this District."  (Id. at 21.)

Malibu Media retained a forensic investigation firm to monitor the BitTorrent file distribution network and identify the IP addresses used to distribute Plaintiff's copyrighted works without authorization. (Pl.'s Ex Parte Mot. Leave Attach. #3 Susac Decl. 2, ECF No. 5.)  As a result of this monitoring, Plaintiff obtained evidence of infringing activity originating from the IP address assigned to Defendant Doe.  (Id. at 2-3.)  Plaintiff also offers evidence in the form of a declaration from its expert in computer forensics, who states that only the ISP is "able to correlate an IP address to a specific individual at a given date and time." (Pl.'s Ex Parte Mot. Leave Attach. #4 Paige Decl. 3, ECF No. 5.)  Still, Plaintiff fails to offer any evidence to support its allegation that the infringing IP address was actually traced to a location within this judicial district. Nothing in the declarations Plaintiff submitted with its Ex Parte Motion explains what steps Plaintiff took to trace the IP address to a physical point of origin within this Court's jurisdiction.

Moreover, neither Plaintiff's Complaint nor its Ex Parte Motion establishes how Plaintiff was able to correlate Defendant's IP address to Time Warner Cable.  Plaintiff's Complaint is accompanied by a chart that lists Time Warner Cable as the ISP and identifies the physical location as San Diego, California.  (Compl. Attach. #2 Ex. A, at 1, ECF No. 1.)  Plaintiff does not explain how the "physical location" was determined and whether the location indicated on the chart refers to the ISP or to the Defendant.  Because Malibu Media has not offered any evidentiary support for these allegations, the Plaintiff has not met its burden to show that it made a good faith effort to specifically identify the Defendant as a person who can be sued in the United States District Court for the Southern District of California.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Ex Parte Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 5] is DENIED.

**IT IS SO ORDERED.**

Dated:  March 17, 2016

Hon. Ruben B. Brooks
United States Magistrate Judge